UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ULLAH MOHAMMAD, individually and on
behalf of all other persons similarly situated,

COMPLAINT AND
DEMAND FOR JURY TRIAL

Plaintiffs,

-against-

SRI HARTIMAA INC. and SHER BHDUR KARKI,

Defendants.

------------------------------------------------------------------X

Plaintiff, Ullah Mohammad, individually and on behalf of all other persons similarly situated, by and through his attorneys, Hepworth, Gershbaum & Roth, PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, and spread of hours pay, for the plaintiff and the similarly situated coworkers - waiters, servers and delivery people (collectively "Waiters and Delivery People") and similarly situated current and former employees holding comparable positions but different titles, who have worked at the restaurant operated by Sri Hartimaa Inc. ("Sri Hartimaa"), said restaurant was owned, and/or managed by defendant Sher Bhdur Karki ("Karki") (collectively "defendants").  Defendants have denied their hourly service workers, including Waiters and Delivery People the proper minimum wages, overtime compensation, and spread of pay.

2.      Sri Hartimaa is a restaurant located at 2032 Bedford Avenue, Brooklyn, New York. It consists of a restaurant with delivery, take out, and eat in service.

3.      While the restaurant is busy, this success has come at the expense of the restaurants hourly service workers.

4.      Defendants have denied their hourly service workers proper minimum wages, overtime compensation, and spread of hours pay.

5.      Plaintiff bring this action, individually and on behalf of all other similarly situated current and former Waiters and Delivery People, and similarly situated current and former employees holding comparable positions but different titles, employed by defendants, Sri Hartimaa, and Karki, (who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 216(b) (hereinafter "Collective Action Members"), that they are: (i) entitled to unpaid minimum wages for hours worked in a workweek, as required by law; (ii) entitled to unpaid overtime wages for hours worked over 40 in a workweek, as required by law; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

6.      Plaintiffs, pursuant to FED. R. CIV. P. 23, further allege individually and on behalf of all other similarly situated current and former Waiters and Delivery People, and similarly situated current and former employees holding comparable positions but different titles, employed by defendant in the State of New York (hereinafter "Class") that they are: (i) entitled to unpaid minimum wages from defendant for all for hours worked in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor Regulations; (ii) entitled to unpaid overtime wages from defendant for all hours worked over 40 in a workweek, as required by the NYLL and the supporting New York State Department of Labor Regulations; (iii) entitled to damages for defendant's willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3), resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d) and (iv) entitled "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §

146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

7.      Plaintiff Mohammad seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.      This Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a).

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the State of New York.

## THE PARTIES

### *Plaintiff*

13.     Plaintiff, Ullah Mohammad ("Plaintiff Mohammad"), is an adult individual residing in Brooklyn, New York.

14.     Sri Hartimaa employed Plaintiff Mohammad as a waiter and Delivery Person from approximately 2009, until December 2019, at the Sri Hartimaa restaurant located at 2032 Bedford Avenue, Brooklyn, New York.

15.    Plaintiff Mohammad was ostensibly employed as a delivery worker.  However, he was also required to spend part of his work day performing other duties including but not limited to: opening and closing the restaurant, some of the duties included the daily preparation of the 400-500 condiments that go with the food each day, making the restaurant ready for the day included mopping the floors, and cleaning up the dining and cooking areas.

16.    At all times relevant to this Complaint, Plaintiff Mohammad worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

17.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Mohammad appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.  Further, Defendants failed to pay Plaintiff Mohammad the required "spread of hours" pay for any day in which the spread of hours exceeds 10 hours a day.

18.    Defendants' conduct extended beyond Plaintiff Mohammad to all other similarly situated employees.

19.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mohammad and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

### *Defendants*

20.    Defendant, Sri Hartimaa Inc., is a New York corporation, with its principal executive offices at 2032 Bedford Avenue, Brooklyn, New York.

21.     Upon information and belief, Sri Hartimaa operates or has operated the restaurant located at 2032 Bedford Avenue, Brooklyn, New York.,

22.     Defendant Karki, is the owner of the restaurant previously described herein and known as and by Sri Hartimaa.

23.     Defendant Karki, resides in the State of New York.

24.     Upon information and belief, Karki, resides 99-60 63rd Road, Rego Park, New York.

25.     Defendant Karki, is present on an almost daily basis at the aforementioned restaurant and runs the restaurant being involved in the day to day management and running of the restaurant.

26.     Upon information and belief, Karki is or has been an owner of Sri Hartimaa.

27.     Defendant Karki, supervises Sri Hartimaa employees, and is frequently present and periodically meets with the staff to discuss the operation of the restaurant.

28.     Upon information and belief, defendant, Karki, has the authority and has exercised the authority to set the rate of pay of Sri Hartimaa's employees.

29.     Upon information and belief, defendant, Karki, has the ultimate authority over the retention and maintenance of Sri Hartimaa's employment records.

30.     Defendant Karki, has and exercises the authority to hire and fire Sri Hartimaa's employees.

31.     Defendants jointly employed plaintiff and all other similarly situated current and former Waiters and Delivery People, and similarly situated current and former employees holding comparable positions but different titles.

32.     Defendants maintain control, oversight, and discretion over the operation of their restaurant, including its employment practices.

33.     Defendant, Karki, exercises sufficient control over Sri Hartimaa to be considered plaintiffs' employer under the FLSA.

34.     Defendant, Karki, exercises sufficient control over Sri Hartimaa to be considered plaintiffs' employer under the NYLL.

35.     Defendant Karki, hired and fired Plaintiff Mohammad.

36.     Upon information and belief, defendants have gross revenues exceeding $500,000 for all relevant periods herein.

37.     At all times relevant, defendant's annual gross volume of sales made or business done was not less than $500,000.

38.     Upon information and belief, defendants are covered employers within the meaning of the FLSA and the NYLL.

## FACTS

39.     Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

40.     Defendant knew that nonpayment of minimum wages would economically injure plaintiffs and would constitute a violation federal and state employment and labor laws.

41.     Defendant paid plaintiff less than the full state and federal minimum wages, pursuant to the federal and state tip credits, for the hours worked, including regular hours, spread of hours worked as well as overtime hours.

42.     Sri Hartimaa is a restaurant located 2032 Bedford Avenue, Brooklyn, New York. Sri Hartimaa and consists of an eat in restaurant, delivery and take out service.

43.     Upon information and belief, defendants jointly employed plaintiff and all other current and former Waiters and Delivery People and similarly situated current and former employees holding comparable positions but different titles.

44.     Upon information and belief, Karki, maintains control, oversight, and discretion over the daily operation of the restaurant, including its employment practices.

45.     Sri Hartimaa pays the employees a flat rate regardless of the hours worked even if said rate falls under minimum wage, which it does. For example in 2019 Plaintiff Mohammad worked approximately 76 hours a week until he was injured in December 2019 and was no longer able to continue working.  During the time period Mohammad worked for Defendants he was only paid approximately $400.00 per week and as discussed below, only approximately $200.00 of the pay came from the Defendants.

46.     Upon information and belief, of the $400.00 the Plaintiff Mohammad received weekly, only 200.00 per week was paid by the Defendants, and the other $200.00 per week of that pay was from tips received from Grubhub.

47.     In May 2018 to the end of the year, Plaintiff Mohammad was working approximately 76 hours a week and earning approximately $200.00 per week and another 200.00 per week in tips.  Plaintiff was not paid minimum wages, nor overtime wages, nor spread of hour wages, i.e. an extra hour pay for each day in which the spread of hours exceeds 10 hours a day.

48.     In January 2018 to Approximately May 2018, the exact date is known to the Defendants, Plaintiff Mohammad was working approximately 84 hours a week and earning approximately $200.00 per week and another 200.00 per week in tips.  Plaintiff was not paid minimum wages, nor overtime wages, nor spread of hour wages, i.e. an extra hour pay for each day in which the spread of hours exceeds 10 hours a day.

49.     In 2017 Plaintiff Mohammad was working approximately 84 hours a week and only earning approximately $200.00 per week and another 200.00 per week in tips.  Plaintiff was not paid minimum wages, nor overtime wages, nor spread of hour wages, i.e. an extra hour pay for each day in which the spread of hours exceeds 10 hours a day.

50.     In 2016 Plaintiff Mohammad was working approximately 84 hours a week and only earning approximately $200.00 per week and another 200.00 per week in tips.  Plaintiff was not paid minimum wages, nor overtime wages, nor spread of hour wages, i.e. an extra hour pay for each day in which the spread of hours exceeds 10 hours a day.

51.     In 2015 Plaintiff Mohammad was working approximately 84 hours a week and only earning approximately $200.00 per week and another 200.00 per week in tips.  Plaintiff was not paid minimum wages, nor overtime wages, nor spread of hour wages, i.e. an extra hour pay for each day in which the spread of hours exceeds 10 hours a day.

52.     Additionally, and not included in the above hours Plaintiff, approximately one time a month in addition to the regular hours that Plaintiff worked, Plaintiff arrived at 7:00 am instead of the regular 10:30 am start time to do a deeper cleaning of the cooking area and approximately one time every two months Plaintiff stayed till approximately 1:00 am instead of the regular 10:30 pm time to be present when the outside cleaning company came to clean the kitchen using chemicals and high powered cleaning equipment

53.     Plaintiff Mohammad was also required to purchase and maintain his own bicycle in order to make deliveries.  Plaintiff paid approximately 250.00 per month to a repair store to maintain and fix his bicycle. During the course of his employment the delivery bicycle was stolen between 2 or 3 times and Plaintiff had to purchase another bicycle.  Defendants did nor reimburse

Plaintiff for those costs. Plaintiff was lent approximately $4,700.00 to purchase the new delivery bicycles and was required to be pay back to the Defendants this cost of maintaining the bicycle.

54.     Defendant's unlawful conduct as described above was willful and/or in reckless disregard of the applicable wage and hour laws, and it was pursuant to Defendant's policy, pattern, and/or practice of attempting to minimize labor costs by failing to pay minimum wage, overtime wages and spread of hour wages and thereby directly benefiting by violating the FLSA and the NYLL.

55.     Defendant's willful violations of the FLSA and the NYLL are further demonstrated by the fact that during the course of the Collective Action and Class Action Periods and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiffs and the members of the Collective Action and the Class.  Defendant acted recklessly or in willful disregard of the FLSA and NYLL by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked.

56.     Due to the foregoing, defendant's failure to pay minimum wages and overtime wages for work performed by the Collective Action and the Class Members, and failure to post or keep posted a notice explaining the minimum wage,  overtime wages and the spread of hours  was willful and has been, repeated and consistent.

## **CLASS ACTION ALLEGATIONS**

57.     Plaintiffs bring the, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of all persons who have worked as hourly service workers at Sri Hartimaa between January 13, 2015 and the date of final judgment in this matter (the "Rule 23 Class").

58. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

59. Upon information and belief, the size of the Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of defendants.

60. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

61. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether defendants violated NYLL Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2 as alleged herein;

(b) whether defendants correctly calculated and compensated plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(c) whether defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL §195.4;

(d) whether defendants failed to furnish plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL§195.1;

(e) whether defendants failed to pay the spread of hours pay for Plaintiff and the Rule 23 Class;

(f) whether defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

62.     The claims of plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. plaintiffs and all the Rule 23 Class members work, or have worked, for defendants as hourly food service employees at Sri Hartimaa.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, and the spread-of-hours pay.  Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and patterns of conduct.

63.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the plaintiff and the Rule 23 Class members.

64.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources to conduct a thorough examination of defendants' timekeeping and compensation practices and to

prosecute vigorously a lawsuit against defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

65.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

66.     Plaintiff bring the FLSA claims, on behalf of himself and all similarly situated persons who have worked as hourly service workers at Sri Hartimaa who elect to opt-in to this action (the "FLSA Collective").

67.     Defendants are liable under the FLSA for, inter alia, failing to properly compensate plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to defendants, are readily identifiable, and can be located through defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

68.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of defendants' common policy and plan that have violated their rights under the FLSA and the NYLL by denying them a proper minimum wage, overtime compensation, tips, and other wages.  At all times relevant, defendant's unlawful policy and pattern or practice has been willful.

69.     As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Class Action Complaint.  This policy and pattern or practice includes, but is not limited to the following.

70.     Defendants failed to pay plaintiff and the Class Members the minimum wage in violation of the FLSA and the NYLL.

71.     Defendants failed to pay plaintiffs and the Class Members time and a half for all hours worked over forty in a work week in violation of the FLSA and the NYLL.

72.     Defendants failed to pay plaintiffs and the Class Members spread of hours pay in violation of the NYLL.

73.     Consistent with their policies and patterns or practices as described herein, defendants harmed plaintiffs individually as follows.

**<u>Ullah Mohammad</u>**

74.     Defendants did not pay Plaintiff Mohammad the proper minimum wage or overtime wage or spread of hours wage for all of the time that he was suffered or permitted to work each workweek.

75.     Upon information and belief, defendants did not keep accurate records of wages earned, or of hours worked by Plaintiff Mohammad.

76.     Upon information and belief, defendants knew or should have known that the hours worked by Plaintiff Mohammad greatly exceeded 40 hours per week yet failed to pay Plaintiff Mohammad overtime wages are required and in violation of the FLSA and the NYLL.

77.     Upon information and belief, defendants knew or should have known that the spread of hours worked by Plaintiff Mohammad exceeded 10 hours per day yet failed to pay Plaintiff Mohammad spread of hours wages as required and in violation of the NYLL.

### FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Minimum and Overtime Wages)
### (Brought on Behalf of Plaintiffs and all FLSA Collective Action Members)

78.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

79.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

80.     Plaintiff has consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b).

81.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to defendant.

82.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83.     At all times relevant, plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84.     Defendants have failed to pay plaintiff and the other similarly situated current and former Waiters and Delivery People and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

85.     Defendants violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and other similarly situated current and former

Waiters and Delivery People, and other similarly situated current and former employees holding comparable positions but different titles.

86.     Because Defendants violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87.     As a result of Sri Hartimaa and Karki's violations of the FLSA, plaintiffs and all others similarly situated have suffered damages by being denied minimum and overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

88.     As a result of the unlawful acts of Sri Hartimaa and Karki, plaintiff and other similarly situated current and former employees have been deprived of minimum wages and overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(New York Labor Law: Unpaid Overtime**
**Wages Brought on Behalf of Plaintiffs and all Class Members)**

89.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

90.     At all times relevant to this action, plaintiff was an employee at Sri Hartimaa and Sri Hartimaa and Karki were and still are employers within the meaning of the NYLL.

91.     The minimum and overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Sri Hartimaa.

92.     Defendants have failed to pay plaintiffs and the Class the minimum and overtime wages to which they were entitled under the NYLL.

93.     By Sri Hartimaa's failure to pay plaintiffs and the Class minimum wages and overtime wages for all hours worked in excess of 40 hours per week, it has willfully violated NYLL

Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

94.     As a result of the defendants violations of the NYLL, plaintiffs, and the Class Members are entitled to recover from defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (New York State Minimum Wage Violations,
### N.Y. Lab. L. §§ 650 et seq)

95.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

96.     Defendants knowingly paid plaintiffs less than the New York State minimum wage.

97.     Defendants did not pay plaintiffs the New York State minimum wage for all hours worked.

98.     Defendants' failure to pay plaintiff the New York State minimum wage was willful.

99.     As a result of defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CAUSE OF ACTION
### (New York Labor Law: Failure to Comply With
### Notice and Record Keeping Requirements
### Brought on Behalf of Plaintiff and all Class Members)

100.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

101.    NYLL § 195(4) requires, among other things, that Sri Hartimaa establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

102.    NYLL § 661 requires Sri Hartimaa's to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

103.    12 N.Y.C.R.R. § 142-2.6 requires Sri Hartimaa to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

104.    NYLL § 195(3) requires that Sri Hartimaa furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

105.    12 N.Y.C.R.R. § 142-2.7 requires Sri Hartimaa to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

106.    Sri Hartimaa did not provide plaintiff and members of the Class with the requisite notices and statements described above in paragraphs 98-102.

107.    As a result of Defendant's failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), plaintiffs and the Class Members are entitled to recover damages in the amount of five thousand dollars, together with costs and reasonable attorney's fees. penalties from Defendants, as provided by NYLL § 198(1)b and 198(1)d.

## FIFTH CAUSE OF ACTION
### (Unpaid Spread of Hours Wages N.Y. Labor Law § 652 and 12 NYCRRR §146-1.6)

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

109.    Defendants failed to pay Plaintiff Mohammad one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mohammad's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

110.    Defendants' failure to pay Plaintiff Mohammad an additional hour's pay for each day Plaintiff Mohammad's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

111.    As a result of defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CAUSE OF ACTION
### (Failure to pay for delivery bicycles and maintenance of same)

112.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

113.    Plaintiff was required to purchase and maintain the delivery bicycle.  Defendants failed to reimburse Plaintiff for any of the expenses incurred.

114.    As a result of Defendant's requiring the plaintiff and the Class Members to purchase and maintain the delivery bicycles, Plaintiff is entitled to recover damages in the amount of the maintenance and repair costs, together with reasonable attorney's fees.

## PRAYER FOR RELIEF

Wherefore, plaintiffs, individually and on behalf of all other similarly situated current and former Waiters and Delivery people, and similarly situated current and former employees holding comparable positions but different titles, prays for the following relief:

a. At the earliest possible time, plaintiffs be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are presently or have, at any time from January 13, 2018 through and including the date of this Court's issuance of court-supervised notice, been employed by defendants as a waiter/server and/or Delivery people and other similarly situated current and former employees holding comparable positions but different titles.  Such notice shall inform them that this civil action has been filed, of the nature of the action and of their right to join this lawsuit;

b. Unpaid wages and unpaid overtime waged and liquidated damages in the maximum amount allowed under the FLSA;

c. Equitable tolling of the FLSA statute of limitation as a result of the Sri Hartimaa's failure to post requisite notices under the FLSA;

d. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

e. Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3);

f.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g.   Designation of plaintiffs as representatives of the Class, and counsel of record as Class Counsel;

h.   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

i.   Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

j.   Pre-judgment and post-judgment interest, as provided by law;

k.   An injunction prohibiting Sri Hartimaa's from violating the NYLL Article 19, §§ 650, et seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and 195(3);

l.   Pay for the of expenses incurred in the purchase and maintenance of the delivery bicycles.

m.   Attorneys' fees and costs; and

n.   All such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

By: Charles Gershbaum

Marc S. Hepworth
David A. Roth

Rebecca Predovan
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:     (212) 545-1199
Facsimile:     (212) 532-3801
Mhepworth@hgrlawyers.com
Cgershbaum@hgrlawyers.com
Droth@hgrlawyers.com
rpredovan@hgrlawyers.com

*Attorneys for Plaintiffs*