# Exhibit "A"

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between **ULLAH MOHAMMAD** (the "Plaintiff" or "Mohammad"), an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and **SRI HARTIMAA INC.**, and **SHER BHDUR KARKI**, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, (Sri Hartimaa Inc., and Sher Bhdur Karki are referred to collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties"), and is effective after it has been executed by the Parties and has received judicial approval.

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, has asserted claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, as amended, and the New York Labor Law and related regulations, claiming unpaid overtime compensation and failure to provide weekly wage statements, notice of pay rate/wage statement forms, in an action filed in the United States District Court for the Eastern District of New York, entitled *Mohammad v. Sri Hartimaa Inc. et al.,* Case No. 1:21-cv-00179-AMD-PK (the "Action"); and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle any and all claims, charges, complaints, grievances, disputes or other potential actions of any kind whatsoever that the Plaintiff may have for the purpose of avoiding the time, expense and inconvenience of litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**WHEREAS**, the Plaintiff acknowledges and agrees that the payment of the Settlement Amount (as hereinafter defined) by the Defendants is provided as consideration for the Plaintiff's agreement to knowingly and voluntarily release, dismiss and waive his claims and any actions, charges, complaints, grievances, disputes or other potential actions based upon the claims made in the above referenced action against the Releasees (as hereinafter defined), including but not limited to claims for attorneys fees, costs and disbursements, and is conditioned upon acceptance by the Plaintiff of the terms of this Agreement, as manifested by Plaintiff's execution of this Agreement; and

**WHEREAS**, the Defendants acknowledge and agree that the release and covenant not to sue contained herein from the Plaintiff is provided by Plaintiff as consideration for payment of the Settlement Amount (as hereinafter defined); and

1

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

(1)   Submission of Agreement for Court Approval; Discontinuance of Action.  The Parties shall jointly request that this Agreement be provided to the Court for inspection and approval, together with the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiff's Fair Labor Standards Act claims asserted in the Action.

(2)   No Admission of Liability.

(a) The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under the Defendants' supervision or on the Defendants' behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount (as hereinafter defined) constitute, nor shall they be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendants or by any individuals acting under the Defendants' supervision or on the Defendants' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(b)   Furthermore, the Defendants have pursued this Settlement solely to avoid the expense of trial and to prevent further counsel fees in this matter. As previously noted by Defendants, it is their position that they maintained and produced precise time and payroll records for all times related to the Plaintiff's employment at the Defendants' store.  Thus, this Agreement shall not serve as any form of precedence or wrongdoing in any future actions against the Defendants.

(c)   Plaintiff believes the claims asserted have merit.  However, he recognizes the significant costs associated with prosecuting this action through trial and any possible appeal(s), as well as the risks and delays inherent in any litigation.

(3)   Consideration.  (a) In full and complete settlement and final satisfaction of any and all claims which the Plaintiff has, had, or may have against the Releasees (as hereinafter defined), the Defendants shall pay to the Plaintiff and his attorneys the gross total sum of **Thirty Thousand and 00/100 ($30,000.00)** (the "Settlement Amount"), payable as set forth in subparagraph (d), below. All checks shall be made payable as indicated in Paragraph 3(d) and sent to Charles Gershbaum, Hepworth, Gershbaum & Roth, PLLC, 192 Lexington Avenue, Suite 802, New York, New York 10016.  Counsel for the Plaintiff will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

(b)   The Settlement.  Amount to be paid to the Plaintiff and his attorneys pursuant to this Agreement is in complete settlement of all demands or claims, whether for actual or compensatory damages, liquidated damages, interest, punitive damages, attorney's fees, costs and disbursements

which the Plaintiff actually asserted or could have asserted against Defendants in the Action. The settlement payment shall be made by check to be delivered to: Hepworth, Gershbaum & Roth, PLLC, 192 Lexington Avenue, Suite 802, New York, NY 10016, Attn: Charles Gershbaum.

The payment specified in subparagraph (a) above shall not be made until and unless this Agreement is approved by the Court and the Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A has been entered by the Court upon the docket of the Action; and

(c) <u>Payment Schedule, Breakdown and confession of judgment</u>. Payment of the Settlement Amount will be paid within (20) twenty days of the Court's approval of this Agreement and the dismissal of the Action with prejudice. Within within (20) twenty days of the Court's approval of this Agreement and the dismissal of the Action with prejudice Defendants shall deliver to Plaintiff's counsel a confession of judgment in the amount of **Thirty Five Thousand and 00/100 ($35,000.00)** Dollars, and payment of the Settlement Amount shall be made pursuant to the below schedule. Within (20) twenty days of the Court's approval of this Agreement Defendants shall pay:

    i. One check payable to "Hepworth, Gershbaum & Roth, PLLC" in the amount of $4,410.33, for which a 1099 will be issued to Hepworth, Gershbaum & Roth, PLLC;

    ii. One check payable to "Ullah Mohammad" in the amount of $2,794.84, less lawful withholdings, for which Mr. Mohammad will be issued a W-2; and

    iii. One check payable to "Ullah Mohammad" in the amount of $2,794.84, for which Mr. Mohammad will be issued a 1099.

    iv. Defendants shall also pay the amounts described in section (3)(c)(1)-(3) below, monthly on the 10th day of the month thereafter for the next following twenty (20) months until the total **Thirty Thousand and 00/100 ($30,000.00) is paid in full:**

        1. One check payable to "Hepworth, Gershbaum & Roth, PLLC" in the amount of $333.33, for which a 1099 will be issued to Hepworth, Gershbaum & Roth, PLLC;

        2. One check payable to "Ullah Mohammad" in the amount of $333.34, less lawful withholdings, for which Mr. Mohammad will be issued a W-2; and

        3. One check payable to "Ullah Mohammad" in the amount of $333.33, for which Mr. Mohammad will be issued a 1099.

      v. **Upon the final payment of the Thirty Thousand and 00/100 ($30,000.00). Plaintiff shall destroy the confession of judgment and inform the Defendant that said confession has been destroyed.**

  <u>Full Satisfaction</u>. It is mutually understood and agreed by all Parties to this Agreement that the Settlement Amount to be paid by the Defendants to the Plaintiff via the Plaintiff's attorneys pursuant to this Agreement shall constitute full, final and complete satisfaction and settlement of any and all claims that have or may have been asserted by the Plaintiff, whether under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., the New York Labor Law and related regulations, against the Releasees (as hereinafter defined) as of the date of this Agreement, and shall include all elements of recovery permitted under such laws whether for back pay, front pay, liquidated damages, compensatory damages, punitive damages, expenses, interest, attorney's fees, expert witness fees, costs or disbursements, and the Plaintiff expressly waives any and all such claims against the Releasees (as hereinafter defined). The Parties agree and affirm that the money to be paid by the Defendants to the Plaintiff pursuant to this Agreement represents a fair and reasonable resolution of the claims raised by the Plaintiff in light of factual disputes and the totality of the circumstances.

  <u>Default</u>. In the event of a default by Defendants in connection with the payments required to be made under paragraph 3(c) herein, Plaintiffs agree to provide Defendants, with written notice of said default and ten (10) business days within which to cure said default. Such notice shall be sent to Law Offices of Sanjay Chaubey, Esq., 19 Stillman Lane, Pleasantville, N.Y. 10570, Attn: Sanjay Chaubey, via email and regular mail. If the default is not cured within ten (10) business days of Plaintiff providing such notice in the manner described in preceding the sentence, Plaintiff shall be entitled to recover from Defendant, the full **Thirty Thousand and 00/100 ($30,000.00)** and additional amount of **Five Thousand and 00/100 ($5,000.00)** with a credit in the amount of any monies already paid.

  The Parties agree that Plaintiff may institute any action as described in this paragraph in the Supreme Court of the State of New York, County of New York, that venue is appropriate in that court, and that no challenge to venue will be made. Plaintiff will be entitled to and Defendants agree to pay all reasonable attorneys' fees and costs expended in seeking enforcement of the Agreement up through and including the appellate process.

  (4) <u>Waiver and Release</u>. (a) In consideration of the foregoing, the Plaintiff does, on behalf of himself and his agents, hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** Sri Hartimaa Inc., and Sher Bhdur Karki, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims made in the above referenced lawsuit, which may heretofore have existed or which may now exist including, but not limited to, any claims arising under the National Labor Relations Act, 29 U.S.C. §151 et seq., the Fair Labor Standards Act, 29 U.S.C. §201 et seq., the Davis Bacon Act, 40 U.S.C. § 3141, et seq., the New

York Labor Law and related regulations, the New York Equal Pay Law, as amended, the New York State Wage and Hour Laws, including, but not limited to, wage-hour, wage-payment, or any claims for costs, attorney's fees, disbursements, liens or expenses or any other claims, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement.

(b) The Plaintiff specifically waives his right to recover any money whatsoever in connection with any charge or investigation by any government agency.

(c) To the fullest extent permitted by law, the Plaintiff Promises Not To Sue or bring any charges, complaints or lawsuits related to the claims hereby waived against the Releasees in the future, individually or as a member of a class.

(d) In the event that plaintiff violates this Agreement by bringing or maintaining any charges, claims, grievances or lawsuits contrary to this Paragraph, the Plaintiff shall repay the settlement amount to Defendants.

(e) The Plaintiff intends hereby to expressly waive and relinquish, to the fullest extent permitted by law, ALL CLAIMS delinated in Paragraph (a) above the Plaintiff further acknowledges that he is aware that he hereafter may discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of this Agreement, but that it is Plaintiff's intention to, and he does fully, finally and forever settle and release any and all wage claims against the Releasees in any forum whatsoever, whether known or unknown, suspected or unsuspected, which now exist without regard to the subsequent discovery or existence of any such different additional facts.

(f) The Plaintiff knowingly, intentionally and voluntarily releases and discharges the Releasees not only from all claims delinated in Paragraph (a) which the Plaintiff could make on his own behalf, but Plaintiff also specifically waives any right to become, and promises not to become, a member of any class or collective class in any proceeding or case in which a claim or claims against the Releasees may arise, in whole or in part, from any event which occurred prior to Plaintiff's execution of this Agreement.  It is understood that if the Plaintiff, by no action of his own, becomes a mandatory member of any class from which Plaintiff cannot opt out by operation of law or court order, such mandatory class membership will not constitute a breach of this Agreement; however in such event the Plaintiff waives his right to any monetary recovery as a result of such action.

(g) This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Plaintiff.

(5)   No Other Claims.  The Plaintiff represents that, other than the Action, he has not filed any complaints or charges against the Defendants with any local, state or federal agency or court.  Further, to the fullest extent permitted by law.  In the event it is discovered that the Plaintiff files or has filed any such claim(s), the Plaintiff agrees to immediately take all reasonable and necessary measures to effect the prompt dismissal of such claim(s).

(6)   Non-Assignment of Claims.  this agreement cannot be  assigned or transferred, to any person, firm, or corporation whatsoever.  This includes any of the matters released in the

Agreement or agreements to defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorney's fees and costs.

(7) <u>Each Party To Bear Its Own Attorney's Fees.</u>  The Parties shall each bear their own attorney's fees, costs, and expenses, except as may be expressly provided herein.

(8) <u>Tax Liability and Indemnity</u>.  The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. . Plaintiffs and their attorneys agree to indemnify and hold harmless Defendants for any such liability related thereto.

(9) <u>Entire Agreement</u>.  This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.  The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(10) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(11) <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, he has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(12) <u>Neutral Reference</u>. Defendant may direct any direct inquiries regarding his employment with the Company to **Sher Bhdur Karki** , who will provide a neutral reference by confirming his dates of employment, position held, and income only.  No additional information about Plaintiff's employment will be provided.  Further, if asked why they are providing only that limited information, they will respond that it is the Company's policy to do so.

(13) <u>Breach of Agreement</u>. Breach of any of the provisions of this Agreement by the Parties shall be deemed a material breach.  In the event of any such breach, as determined by a court of competent jurisdiction, the non-breaching Party shall be entitled to recover damages, reasonable attorneys' fees, costs, and/or injunctive relief.

(14) <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(15) <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(16) <u>Severability</u>.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.  Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff agrees to promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(17) <u>Execution</u>.  This Agreement may be executed with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT HE HAS OR MIGHT HAVE AGAINST THE RELEASEES, RAISED WITHIN THE ACTION.**

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

_____                    _____
ULLAH MOHAMMAD                                      Sher Bhdur Karki, Individually
Dated: _____, 2022                       Dated: _____, 2022


                                                    Sher Bhdur Karki, behalf of Sri
                                                    Hartimaa Inc.
                                                    Dated: _____, 2022

7

(14)  <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(15)  <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(16)  <u>Severability</u>.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.  Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff agrees to promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(17)  <u>Execution</u>.  This Agreement may be executed with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT HE HAS OR MIGHT HAVE AGAINST THE RELEASEES, RAISED WITHIN THE ACTION.**

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

_Mohammad Ullah (Jun 8, 2022 16:18 EDT)_
ULLAH MOHAMMAD
Dated:  Jun 8, 2022            , 2022

_____
Sher Bhdur Karki, Individually
Dated:  _____, 2022


Sher Bhdur Karki, behalf of Sri Hartimaa Inc.
Dated:  _____, 2022

7

(14) <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(15) <u>Joint Preparation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(16) <u>Severability</u>. If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties. Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff agrees to promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(17) <u>Execution</u>. This Agreement may be executed with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT HE HAS OR MIGHT HAVE AGAINST THE RELEASEES, RAISED WITHIN THE ACTION.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

_____  
ULLAH MOHAMMAD  
Dated: _____, 2022

_____  
Sher Bhdur Karki, Individually  
Dated: 06.08, 2022

_____  
Sher Bhdur Karki, behalf of Sri Hartimaa Inc.  
Dated: 06.08, 2022

7